## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | |
|---|---|
| Eric Flores, | ) |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| United States Attorney General, Federal Bureau of Investigation, | ) |
| Respondents. | ) Case No. 1:15-cv-039 |

The petitioner, Eric Flores ("Flores"), initiated the above entitled action *pro se* on April 17, 2015, with the submission of, amongst other things, an application to proceed *in forma pauperis* and a sixty-one page document captioned "Petition to Challenge the Constitutionality of the First Amendment."[1]

Flores asserts in his petition that unnamed federal agents have been using advanced satellite technology to exercise control over various members of his family. Specifically, he asserts that federal agents have, through the use of satellite transmissions, inflicted pain on his family and otherwise forced various members of his family to engage in adulterous behavior in violation of their First Amendment right to the free exercise of their religious beliefs.[2]

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting

---

[1] Flores previously sought to initiate actions in this district *in forma pauperis* against unnamed federal employees for what he described as their malicious use of genetic code-altering satellite transmissions from outer space at Mexican-Americans. His requests were denied and his actions were dismissed on the ground that they were patently frivolous. See Flores v. United States Attorney General, et. al., No. 1:13-cv-039 (D.N.D. 2013); Flores v. United States Attorney General, et. al., No. 2:14-cv-015 (D.N.D. 2014).

[2] Courts in other districts have dismissed substantially similar, if not identical, petitions filed by Flores pursuant to § 1915(e)(2). See Flores v. U.S. Att'y Gen., No. 1:14cv19, 2014 WL 7408365, at *1 (N.D.W.Va. Dec. 30, 2014).

1

a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may deny an application if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Mallard v. U.S. Dist. Ct. S.D. Iowa, 490 U.S. 296, 307–308 (1989) ("Section 1915(d) [now § 1915e(2)(B)(I)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The allegations Flores sets forth in his rambling and incoherent petition are so implausible as to render his petition frivolous. Consequently, the undersigned **RECOMMENDS** that his application to proceed *in forma pauperis* (Docket No. 1) be **DENIED** and the above-entitled action be **DISMISSED** with prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

**IT IS SO ORDERED.**

Dated this 14th day of May, 2015.

                                              */s/ Charles S. Miller, Jr.*
                                              Charles S. Miller, Jr., Magistrate Judge
                                              United States District Court